IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYANNA DAWN RUTTER,        )
                                      )
        Plaintiff,           )
                                      )
   -vs-                    )      Civil Action No.  19-263
                                      )
ANDREW M. SAUL,           )
COMMISSIONER OF SOCIAL SECURITY,  )
                                      )
        Defendant.     )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Raymond Prybylski, held a video hearing on April 2, 2018.  (ECF No. 7-3).  On September 18, 2018, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 7-2, pp. 16-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.   20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Weighing of Evidence

Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence. (ECF No. 9, pp. 12-17).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*   "[T]he more consistent an opinion is with the

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in rejecting the medical evidence that supports her claim without adequate explanation or support. (ECF No. 10, p. 13). Specifically, Plaintiff asserts the ALJ erred in giving little weight to the opinion of her treating therapist, Tricia L. Pelc, LPC. *Id.* In support of this argument, Plaintiff submits there is evidence to support Ms. Pelc's opinion. *Id.* at pp. 13-14  To be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced. Furthermore, I note that the ALJ set forth various reasons for assigning little weight to Ms. Pelc's opinion. (ECF No. 7-2, pp. 21-28). I find these reasons are adequately explained and supported by substantial evidence. *Id.*

Next, Plaintiff argues that the ALJ erred in not giving her GAF[1] scores great weight. (ECF No. 10, p. 14). An ALJ must weigh the GAF scores and discuss reasons for the weight sufficiently for this court to conduct a meaningful review. I find the ALJ's discussion regarding the weight assigned to Plaintiff's various GAF scores to be valid, proper and supported by substantial evidence. (ECF No. 7-2, p. 26). Consequently, remand is not warranted on this basis.

Plaintiff then seems to suggest that ALJ's reliance on Dr. Skarlinski's opinion, the consultative examiner, is misplaced because there were treating opinions in the record and because they provide a "long-term picture" those opinions deserve more weight than a one-time

---

[1]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013). Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

examiner.  (ECF No. 10, p. 15).  That simply is not the law.  As set forth above, the ALJ is charged with weighing conflicting medical opinions.  In this case, the ALJ was faced with conflicting opinion evidence.  (ECF No. 7-2, pp. 16-29).  As such, he was charged with weighing the same.  Consequently, I find no merit to Plaintiff's bold assertion otherwise.  Moreover, after a review of the record, I find the ALJ's rationale for giving Dr. Skarlinski's opinion significant weight was appropriate, sufficiently explained and supported by the substantial evidence of record.  *Id.;* 20 C.F.R. §§ 416.927, 404.1527 (discussing the evaluation of medical opinions).  Therefore, I find no error in this regard on the part of the ALJ.  Consequently, remand is not warranted on this basis.

Finally, Plaintiff makes the conclusory assertion that the ALJ did not follow SSR 85–15 in this case.  (ECF No. 10, p. 17).  Social Security Ruling 85-15 is titled "The Medical–Vocational Rules as a Framework for Evaluating *Solely* Nonexertional Impairments."  (Emphasis added).  Thus, SSR 85-15 does not apply to a case, such as this one, in which Plaintiff suffers from a combination of exertional and non-exertional impairments. *Id.*

### C.    Residual Functional Capacity(RFC)[2]

Plaintiff argues that the ALJ's RFC does not accommodate all of her impairments.  (ECF No. 10, pp. 17-18).  Specifically, Plaintiff suggests that the record did not contain any opinion evidence regarding her physical limitations and, as such, was speculative.  *Id*. at 18. While I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant," *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986), it is not a necessity. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015).  I find that this is such a case here.

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

The ALJ is charged with formulating the RFC based on *all* of the relevant evidence. 20 C.F.R. §§416.945(a); 404.1545(a).   The ALJ in the case did just that.  (ECF No. 7-2, pp, 16-29). The ALJ specifically discussed Plaintiff's abdominal pain and gastroparesis, as well as other physical complaints. *Id.*  After a review of the evidence, I find I am able to make a proper and meaningful review and there is substantial evidence of record that the ALJ's physical RFC accounted for the limitations established by the evidence of record.  *Id.*  Thus, I find the ALJ did not err in formulating Plaintiff's physical RFC.  Therefore, remand is not warranted in this case on this argument.

>   D.   <u>Listings 12.04 and 12.06</u>

Plaintiff argues that the ALJ erred in determining that she did not meet or equal Listing 12.04 (regarding depression) and 12.06 (regarding anxiety).  (ECF No. 10, pp. 19-20).  In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995).  An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary.  *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

In this case, the ALJ discussed Listings 12.04 and Listing 12.06 in step three.  (ECF No. 7-2, pp. 20-21).  In her brief, Plaintiff specifically argues that she meets Listing 12.04 and Listing 12.06 without discussion of any errors on the part of the ALJ.  (ECF No. 10, pp. 19-20).  Again, to be clear, the standard is not whether there is evidence to establish Plaintiff's position.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.  *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).  Thus, the question before me is whether substantial evidence supports the ALJ's findings.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Therefore, Plaintiff's argument in this regard is wholly misplaced.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYANNA DAWN RUTTER,                    )
                                        )
            Plaintiff,                  )
                                        )
    -vs-                                )        Civil Action No.  19-263
                                        )
ANDREW M. SAUL,                         )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
            Defendant.                  )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 8th day of February, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge